### F. B. JOHNSON v. J. M. MULLEN'S ASSIGNEE.

**Trial—Two Verdicts Against Appellant—Court of Appeals Will Not Reverse Unless for Errors of Law.**

This cause having been twice tried by a jury and in each instance the verdict was adverse to the appellant; such being the facts the Court of Appeals will not reverse the judgment, except for errors of law occuring on the trial in the court below.

**Witness—Personal Attendance of—Demand for Personal Attendance—Other Party May Take Deposition.**

The fact that one party demands the personal attendance of a witness does not prevent the other from taking the deposition of such witness and reading it on the trial of the cause, provided the party demanding the presence of the witness goes to trial without it.

APPEAL FROM MARION CIRCUIT COURT.

October 14, 1871.

OPINION BY JUDGE LINDSAY:

This cause has been twice tried by a jury. In each instance the verdict was adverse to the appellant.

Such being the facts this court will not reverse the judgment complained of, except for errors of law occurring in the trial in the court below.

Miller was a competent witness in behalf of his assignee. His discharge in bankruptcy by the United States District Court divested him of all interest in the Miller controversy.

36

The fact that a proceeding was pending against him in said court to set aside and annul his discharge did not render him incompetent; the possibility that such proceeding might result in a judgment against him is a fact which goes to his credibility and not to his competency. The court did not err in refusing to exclude from the jury the deposition of Kirk.

It was the appellant who demanded the personal attendance of the witness, and the process of the court to compel his attendance was issued at his instance and not at that of the appellee.

Section 616 of the Civil Code authorizes the court at its discretion in a proper state of case to compel the personal attendance of a witness who may be otherwise exempt therefrom. But the fact that one party demands his personal presence does not prevent the other from taking the deposition of such witness, and reading it on the trial of the cause, provided the party demanding the presence of the witness goes to trial without it.

The instructions given upon the trial are unexceptionable and embody the whole law of the case.

Judgment affirmed.

*Russell & Averitt, for appellant.*

*Thomas, Harrison, for appellee.*